# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LUCAS BURWELL; MICHELLE YARBROUGH; KATHERIN KIRKPATRICK; CHRISTOPHER S. JOHNSON; and M.S., by and through the custodial parents, KUMIKO SCHOW and GLENDEN HEAGY**, | Case No. 3:19-cv-00385-JR |
| | **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| **PORTLAND SCHOOL DISTRICT NO. 1J by and through the PORTLAND SCHOOL BOARD, an Oregon public school entity; and GUADALUPE GUERRERO in his official capacity as Superintendent of Portland School District No. 1J**, | |
| Defendants. | |

James L. Buchal, Murphy & Buchal, LLP, 3425 SE Yamhill Street, Suite 100, Portland, Oregon 97214. Attorneys for Plaintiffs.

J. Aaron Landau and William F. Gary, Harrang Long Gary Rudnick, PC, 497 Oakway Road, Suite 380, Eugene, Oregon 97401. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF 16. On August 23, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"), in which she recommended that Plaintiffs' First Amendment claim be dismissed with leave to amend. ECF 20. Plaintiffs filed objections to the F&R, to which Defendants responded. ECF 22; ECF 23. After de novo review of the F&R, objections, and responses, this Court adopts the F&R as explained in the following supplemental analysis. Both counts of Plaintiffs' First Amendment claim are dismissed because Plaintiffs' First Amended Complaint ("Complaint"), ECF 13, fails to state a claim of compelled subsidization of private speech or a claim of compelled speech.

## STANDARDS

### A.  Motion to Dismiss

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however,

PAGE 2 – OPINION AND ORDER

credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**B.  Review of Magistrate Judge's Findings and Recommendation**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court adopts the F&R's summary of the allegations in the Complaint. ECF 20 at 2–5.[1] The F&R concluded that count one of Plaintiffs' First Amendment claim, alleging forced subsidization of speech, should be dismissed because the Complaint alleges acts of government speech, rather than private speech. *Id.* at 8–12. The F&R also recommended dismissing count two, alleging compelled speech, because the Complaint does not plead facts showing that Plaintiffs were compelled to speak in violation of their First Amendment rights. *Id.* at 5–8. Plaintiffs object on both counts. ECF 22.[2] The objections to each count are considered below.

### C. Count One: Compelled Subsidization

Magistrate Judge Russo recommended dismissing the forced subsidization count of Plaintiffs' First Amendment claim because the Complaint fails to allege subsidization of private speech. ECF 20 at 8–12. Judge Russo noted that the "complaint is unclear as to whether the complained of speech was that of defendants as a governmental entity or that of the third-party students." *Id.* at 10. This Court agrees with Judge Russo that to the extent that Plaintiffs' Complaint alleges acts of government speech, the Free Speech Clause of the First Amendment does not apply. *See id.* at 9–10; *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2009) ("The Free Speech Clause restricts government regulation of private speech; it does not regulate government speech.").[3]

---

[1] Although the F&R states that Plaintiffs are "four students and parents," this Court notes that four Plaintiffs are parents and one Plaintiff is a student, who brings this action through the custodial parents. ECF 13 at ¶¶ 3–5.

[2] The page numbers provided in Plaintiffs' objections to the F&R, ECF 22, differ from the pagination automatically generated by the court's electronic case filing system ("ECF"). This Court's citations to this document refer to the court-generated pagination.

[3] To the extent that Plaintiffs argue that the F&R applied the wrong legal standard under *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, *see* ECF 22 at 16–

Plaintiffs argue that the F&R erred in finding that the Complaint alleges government speech that is immune from challenge under the First Amendment. ECF 22 at 18–24. In their objections, Plaintiffs reiterate two arguments previously raised before Judge Russo. *See* ECF 18. Plaintiffs suggest that Defendants' speech does not qualify as government speech because it did not comply with school board regulations and Oregon law. *See* ECF 22 at 20, 23–24. Plaintiffs also contend that Defendants' speech was not government speech because it was not germane to their duties as government entities and officials. *Id.* at 19–20, 22 n.5. Each argument is addressed in turn.

First, Plaintiffs argue that Defendants violated various Oregon statutes and administrative rules by conduct such as excusing student absences and failing to punish students who left school to engage in anti-gun protests. *Id.* at 23–24. However, Plaintiffs offer no compelling legal authority to support their argument that the government speech doctrine does not apply when government entities fail to enforce or comply with existing regulations or laws, as alleged in this case. Instead, Defendants' conduct qualifies as government speech because, as alleged in the Complaint, it was directed by politically accountable officials on the city school board.[4] According to the Complaint, Defendant Portland School District No. 1J is subject to the school board's control. ECF 13 at ¶ 7. Plaintiffs alleged that the school board itself "began the push to misuse District resources to promote gun control," including by sponsoring demonstrations. *Id.* at ¶¶ 22, 30. Plaintiffs also alleged that these actions were in line with school board policy, embodied by its unanimous adoption of a resolution in favor of gun control. *Id.* at ¶¶ 50–51.

18 (citing 138 S. Ct. 2448 (2018)), this Court agrees with Judge Russo that *Janus* applies only to compelled subsidization of other private speakers. ECF 20 at 13.

[4] Oregon law requires members of school boards to be elected to four-year terms. O.R.S. 332.138.

Although the exact scope of the government speech doctrine is unclear, *see Matal v. Tam*, 137 S. Ct. 1744, 1760 (2017), the Ninth Circuit has held that school principals' enforcement of a district policy regarding school bulletin boards qualified as government speech when it was "directly traceable" to the district and school board. *Downs v. Los Angeles Unified Sch. Dist.*, 228 F.3d 1003, 1012 (9th Cir. 2000). Defendants here represent the same "arm of local government" as the school district in *Downs*. *Id.* at 1014. Because Plaintiffs have alleged that Defendants' speech was a manifestation of the school board's policy and subject to the board's control, this Court agrees with the F&R that the government speech doctrine applies. *See id.* at 1012. Furthermore, even if these actions were contrary to board policy or state law, that finding would not be dispositive of whether they were considered government speech under the First Amendment. *See Johanns v. Livestock Mktg. Ass'n*, 544 U.S. 550, 563–64 (2005) (holding that when politically accountable figures and legislatures oversee the programs, officials, and messages in an advertising campaign, "[n]o more is required" under the First Amendment).

Regarding Plaintiffs' second argument, this Court recognizes that speech by some public entities may be subject to a germaneness requirement. *See Keller v. State Bar of Calif.*, 496 U.S. 1, 10–14 (1990). However, germaneness is not relevant to the threshold question of identifying what speech is government speech. *See Johanns*, 544 U.S. at 560–62. Because this Court agrees with Judge Russo that the Complaint alleges government speech, the germaneness requirement does not apply.[5]

---

[5] This Court agrees with Judge Russo that Defendants' motive is not relevant to the government speech as pled in this case. ECF 20 at 12 n.5. Regardless of the First Amendment's application to officials' decisions to remove books from school libraries, the Ninth Circuit has declined to apply the Supreme Court's plurality opinion in *Board of Education v. Pico* to government speech by school officials in other contexts. *See Downs*, 228 F.3d at 1015–16 (citing 457 U.S. 853 (1982)); *see also Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d

Plaintiffs also argue that the Complaint adequately alleges speech of private actors: other students in the school district. ECF 22 at 24–28. However, this Court agrees with Judge Russo's summary of the relevant case law: the government may rely on "assistance from private actors for the purpose of delivering a government-controlled message." ECF 20 at 11.[6] Plaintiffs' objections, citing *Rosenberger v. Rector & Visitors of University of Virginia*, are misplaced because that case did not involve any government speech. *See* ECF 22 at 26; *Rosenberger*, 515 U.S. 819, 833–34 (1995). Furthermore, as Judge Russo suggested in the F&R, the Complaint does not "sufficiently allege *subsidization* of private speech, i.e., *funding* speech by the students." ECF 20 at 12 (emphasis added). Thus, this Court agrees with Judge Russo that Plaintiffs may amend their Complaint to allege how Plaintiffs were compelled to subsidize the speech of other students.

Finally, to the extent that Plaintiffs argue that Defendants did not fund the speech of private speakers but instead selectively provided opportunities for speech by certain speakers,[7] this Court recognizes that when the government establishes "a limited public forum," it may not "discriminate against speech on the basis of viewpoint." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106–07 (2001). Judge Russo noted—and Plaintiffs do not dispute—that the Complaint does not allege a viewpoint discrimination claim. ECF 20 at 12; ECF 22 at 33. This

---

1177, 1202 (11th Cir. 2009) (observing that First Amendment standards applied in one school-based context may be inapplicable in another).

[6] Although the F&R cited dicta from *Rosenberger*, this Court agrees with the F&R's analysis of the law on this issue. *See Johanns*, 544 U.S. at 562.

[7] *See* ECF 22 at 27 ("PPS, however, did not hire the students to march down the streets."), 28 ("There is an enormous difference between indoctrinating students in classes, even by unprecedented means, and shutting down a school system for a discrete period of time to turn students out into the streets for mass political protests.").

Court concludes that these Plaintiffs have not alleged that Defendants prevented them or their children from expressing their own views at these school-organized events. *See* ECF 13 at ¶¶ 27, 43, 46, 53, 60, 64, 71. Thus, their Complaint does not currently state a claim for viewpoint discrimination. *But see Morse v. Frederick*, 551 U.S. 393, 423–24 (2007) (Alito, J., concurring) (emphasizing that school officials lack the "license to suppress speech on political and social issues based on disagreement with the viewpoint expressed").

For these reasons, this Court dismisses this count with leave to amend.

**D.  Count Two: Compelled Speech**

In the F&R, Judge Russo recommended dismissing count two, alleging compelled speech, because the Complaint does not plead facts showing that these Plaintiffs were compelled to engage in speech in violation of their First Amendment rights. ECF 20 at 5–8. Plaintiffs' objections reiterate arguments they raised before Judge Russo, *see* ECF 18, and this Court adopts Judge Russo's reasoning from the F&R in full. In doing so, this Court also observes that although the Complaint describes events at multiple public schools in Portland, it does not state which schools Plaintiffs' children attended or what pressures they faced individually. *See* ECF 13 at ¶¶ 3–5. Therefore, this Court dismisses this count with leave to amend.

**CONCLUSION**

The F&R, ECF 20, is adopted as explained in this opinion. Defendants' Motion to Dismiss, ECF 16, is GRANTED. Both counts of Plaintiffs' First Claim are DISMISSED. Plaintiffs may file an amended complaint within fourteen days of the date of this Order.

**IT IS SO ORDERED**.

DATED this 30th day of April, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge